# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5559 | **DATE** | 9/24/2002 |
| **CASE TITLE** | USA vs. DANNY HAMMOND | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 10/2/02 at 9:00 a.m. United States' motion to compel defendant to answer the pending interrogatories and document requests is entered and continued to 10/2/02. Enter Memorandum Opinion And Order. Third-party defendants' motion to dismiss is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 2 5 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 23 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | DOCKETED<br>SEP 2 5 2002 |
| v. ) | | |
| ) | | |
| DANNY HAMMOND, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |
| DANNY HAMMOND, ) | No. 01 C 5559 | |
| ) | | |
| Third-Party Plaintiff, ) | Judge John W. Darrah | |
| ) | | |
| v. ) | | |
| ) | | |
| SHERLOCK HOMES, INC. and BANK OF ) | | |
| CHICAGO, as Trustee u/t/a 1793, dated 1/31/98, ) | | |
| ) | | |
| Third-Party Defendant. ) | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, the United States of America ("USA"), filed suit against Defendant, Danny Hammond ("Hammond"), alleging violations of the Clean Water Act, 33 U.S.C. §§ 1311, 1319(b), and 1344. Hammond received leave to file a third-party complaint against Sherlock Homes, Inc. ("Sherlock") and Bank of Chicago ("BOC"). Presently before the Court is Third-Party Defendants' Motion to Dismiss.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is only

warranted if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A reading of the Complaint and Third-Party Complaint supports the following summary of the alleged conduct of the parties.

Hammond is at least a part owner of approximately nine acres of land located southeast of the intersection of State Street and Sauk Trail Road in South Chicago Heights, Illinois. Hammond is the proprietor of a used car lot which is operated on a portion of the land. A wetland on the site is adjacent to a tributary of Deer Creek, which is a tributary of the Calumet River. Beginning in 1999, Hammond deposited fill material into the wetland portion of the site behind his used car lot without a proper permit required under the Clean Water Act. After being informed of the violation of the Clean Water Act, Hammond refused to apply for a permit and continued to deposit fill material into the wetland.

BOC is the owner of land commonly known as 434 East Sauk Trail Road in South Chicago Heights. This property is located directly north of Hammond's property. Sherlock constructed and operates a warehouse at 434 East Sauk Trail Road.

Third-Party Defendants began construction of a warehouse and buildings at 434 East Sauk Trail Road, directly on a stream running from Hammond's property to Deer Creek. As a result of the construction of the buildings, the natural flow of the water running from Hammond's property north across the Third-Party Defendants' property to Deer Creek was diverted, causing the wetland to be enlarged along the western boundary. The area that Hammond is accused of illegally filling did not exist until after the construction of the warehouse.

Third-Party Defendants argue that Count I of the Third-Party Complaint should be dismissed because Hammond has failed to state a cause of action for contribution.

The term "claim", as used in Rule 14(a), is broader than the concept of "cause of action". *See United States v. Grasso & Sons, Inc.*, 380 F.2d 749, 752 (5th Cir. 1967) (*Grasso*). "Claim" has the meaning of "a group of operative facts giving occasion for judicial action". *Grasso*, 380 F.2d at 752. The purpose of Rule 14(a) is to avoid multiplicity of causes of action and to expedite the resolution of secondary disputes arising out of, or in consequence of, the original action. Rule 14(a) should be used to promote judicial economy when a defendant's rights are an "outgrowth of the same core of facts that determine the plaintiff's claim." *Grasso*, 380 F.2d at 752.

To state a claim for contribution, a third-party plaintiff needs to allege that the third-party defendant was a joint participant in the wrongdoing alleged in the original action. *See Robin v. Doctors Officenters Corp.*, 686 F. Supp. 199, 202 (N.D. Ill. 1988).

The claims against Hammond stem from his alleged illegal filling of wetland without a proper permit. Hammond's claims against the Third-Party Defendants allege that the Third-Party Defendants created or expanded an existing wetland. The newly created or expanded wetland is the wetland that Hammond allegedly illegally filled; thus, but for the Third-Party Defendants' conduct, Hammond would not have filled part of the wetland. Reviewing these allegations in the light most favorable to Hammond and drawing the reasonable inferences from these allegations in the light most favorable to Hammond, Hammond has sufficiently pled a claim for contribution.

Third-Party Defendants also argue that Count II should be dismissed because the Court does not have pendent-party jurisdiction over the state common law claim pled in Count II.

3

Section 1367(a) codified the judge-made principle of pendent-party jurisdiction. *See* 28 U.S.C. § 1367; *Hammond v. Clayton*, 83 F.3d 191, 194 (7th Cir. 1996). The statute provides, in relevant part, that:

> (a) ...in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III....

Claims are considered to form part of the same case or controversy if the claims all "derive from a common nucleus of operative fact". *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725-26 (1966).

Original jurisdiction of the instant case is based upon the USA's Clean Water Act claim against Hammond. The basis of the claim is Hammond's alleged filling of wetlands on or near his property. The basis of Count II of Hammond's Third-Party Complaint is the Third-Party Defendants' conduct of altering the natural flow of water from Hammond's property that allegedly caused the wetland to expand and decrease the fair market value of Hammond's property. As discussed above, Hammond alleges that if it was not for the Third-Party Defendants' conduct, he would not have filled wetland and his property value would not have decreased. Hammond's allegations derive from a common nucleus of operative facts to the alleged Clean Water Act violations. Accordingly, this Court has supplemental jurisdiction over Hammond's state law claim.

For the foregoing reasons, Third-Party Defendants' Motion to Dismiss is denied.

Dated: September 24, 2002

JOHN W. DARRAH
United States District Judge

4